In the Matter of CAMILLA AINGS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 30, 1992

## APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with eleven

allegations of professional misconduct. Charges Five, Seven and Eight were withdrawn by the petitioner prior to the hearing. The Special Referee sustained the remaining eight charges (Charges One, Two, Three, Four, Six, Nine, Ten and Eleven). The petitioner moved to confirm the report of the Special Referee. The respondent failed to submit any papers in opposition thereto.

Charge One alleged that the respondent failed to cooperate with a legitimate investigation of the Grievance Committee. On or about December 4, 1986, the Grievance Committee received a complaint from Henry Wright concerning the respondent's alleged professional misconduct. The Grievance Committee sent the respondent three letters, one by regular mail and two by certified mail, requesting a written answer. The respondent received all three letters but failed to submit any written answers. Although the respondent appeared at the petitioner's office on two occasions pursuant to judicial subpoenaes, she failed, on those occasions, to produce all the records which were the subject of a subpoena duces tecum.

On or about July 29, 1987, the Grievance Committee received a complaint against the respondent from Zettie Boothe. By letter dated August 3, 1987, the Grievance Committee directed the respondent to submit a written response to the Boothe complaint within 10 days. Notwithstanding her repeated assurances that she would submit an answer by specified dates certain, the respondent failed to do so. The respondent also failed to fully comply with this court's judicial subpoena and judicial subpoena duces tecum which commanded her to appear at the petitioner's office and produce her files relating to the Wright and Boothe matters. This necessitated an additional subpoena which gave rise to a scheduled investigative session. At the respondent's request, the session was adjourned twice. She failed to keep either appointment.

The Grievance Committee then moved by order to show cause for the respondent's immediate suspension based on her failure to cooperate. The respondent failed to submit any response and was held in contempt by this court by order dated May 16, 1988. The court afforded the respondent a period of 20 days in which to purge herself of the contempt by full compliance with the subpoenaes. The respondent failed to purge herself of the contempt in consequence of which this court, by order dated October 7, 1988, suspended her from the

practice of law and referred the question of an appropriate sanction to a Special Referee.

Charge Two alleged that the respondent willfully disobeyed an order of the Appellate Division. Following the issuance of this court's order of suspension dated October 7, 1988, the respondent failed to submit an affidavit of compliance to the clerk of this court, as required by section 691.10 of this court's rules (22 NYCRR 691.10).

Charge Three alleged that the respondent improperly commingled funds entrusted to her as escrow agent with funds utilized for personal and business purposes. In or about August 1985, the respondent was retained to represent the purchasers in a real estate transaction. Pursuant to the contract of sale and the rider attached thereto, the respondent was entrusted with a down payment of $1,500 to be held in escrow. The respondent deposited the aforesaid $1,500 into her law firm's checking account which the law firm used as its escrow account. Between August 19, 1985, and January 29, 1986, the respondent used this checking account to pay her personal obligations and the business obligations of the law firm. On January 29, 1986, the respondent drew a check on this account to the order of her client, representing a refund of the $1,500 down payment.

Charge Four alleged that the respondent failed to maintain required records for a checking account into which she had deposited funds entrusted to her to be held in escrow. In or about August 1985, the respondent deposited $1,500 into her law firm's checking account to be held in escrow as the down payment in the real estate transaction which forms the basis of Charge Three. The respondent failed thereafter to maintain a ledger book or similar record for this checking account showing the source of all deposits, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the account and the names of all persons to whom funds were disbursed.

Charge Six alleged that the respondent failed to cooperate with a legitimate investigation by the Queens County Bar Association into her alleged professional misconduct. By letter dated February 10, 1986, the respondent was advised that a complaint had been filed with the Queens County Bar Association against her and she was directed to submit a written answer. The respondent was contacted by telephone 11 times and reminded to submit an answer before she finally did so on

April 2, 1986. By letter dated May 2, 1986, the respondent was directed to submit any additional answer to the complaint by May 16, 1986. Although the respondent was contacted five times and reminded to submit her additional answer, she still did not do so until June 2, 1986. The complaint was thereafter transferred to the Grievance Committee.

Charge Nine alleged that the respondent neglected a legal matter entrusted to her. In or about 1984, respondent was retained by Ms. Boothe to represent her in an uncontested divorce action. Although she served her client's husband with a summons and complaint, the respondent failed to place the divorce action on the court calendar. She advised the client that the matter would be calendared when the client obtained funds to pay the respondent's legal fees. On or about May 10, 1986, Ms. Boothe was served with a summons, giving her notice that her husband was suing her for divorce. The respondent failed to respond to this matter or appear on behalf of Ms. Boothe. Thereafter, a judgment of absolute divorce was granted to the husband.

Charge Ten alleged that the respondent failed to keep her client informed about the status of a legal matter. Between April 1984 and January 1987, the respondent failed to return numerous phone calls from Ms. Boothe requesting information relating to the divorce action which forms the basis for Charge Nine.

Charge Eleven alleged that the respondent failed to cooperate with a legitimate investigation of the Queens County Bar Association into her alleged professional misconduct. By letter dated February 10, 1987, the respondent was advised that a complaint had been filed against her by Ms. Boothe and she was directed to submit a written answer to that complaint. The respondent failed to do so. By letter dated March 9, 1987, she was again directed to submit an answer. Despite her representations that she would submit a written answer, the respondent continued in her pattern of noncompliance and the matter was eventually transferred to the Grievance Committee.

After reviewing all of the evidence, we find the respondent guilty of the misconduct outlined above. The respondent admitted Charges One, Two, Six, Nine, Ten and Eleven. Charges Three and Four were amply supported by the evidence. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigation advanced by the respondent during the hearing and the fact that the respondent has already been suspended for more than three years. Nevertheless, the respondent is guilty of serious professional misconduct over an extended period of time. Accordingly, the respondent is suspended from the practice of law for an additional period of two years effective from the date of this order.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Camilla Aings is suspended from the practice of law for an additional period of two years, commencing immediately, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Camilla Aings is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.